UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOHN HEILMAN     Plaintiff,  v. A. Silva, et al.,     Defendants. | Case No. 13cv2984-JLS (MDD) ORDER DENYING SECOND MOTION TO APPOINT COUNSEL [ECF No. 38] |

On July 28, 2014, Plaintiff filed a Motion to Appoint Counsel. (ECF No. 38).  In his Motion, Plaintiff asks the Court to appoint him legal assistance because he lacks the ability to continue to prosecute his case, is receiving mental health treatment through the Enhanced Outpatient Program ("EOP"), and because Defendant's request for an early settlement conference constitutes "exceptional circumstances" that warrant the appointment of counsel.  (*Id.*).

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted).  Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v. County of King*, 883 F.2d 819, 823 (9th Cir. 1989). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Plaintiff previously filed a request for appointment of counsel. (ECF No. 3). Plaintiff's request was denied by the District Court, which found that there were no exceptional circumstances justifying the appointment of counsel. (ECF No. 8 at 4). Nothing in Plaintiff's new request changes this analysis. Plaintiff has shown the ability to articulate his claims clearly and prosecute his claims effectively. Plaintiff's claims are not complex, and the schedule for his case has not been abbreviated. Accordingly, Plaintiff's request for counsel is **DENIED**.

**IT IS SO ORDERED.**

DATED: August 18, 2014

Hon. Mitchell D. Dembin
U.S. Magistrate Judge