1

2

3

4

UNITED STATES DISTRICT COURT

5

SOUTHERN DISTRICT OF CALIFORNIA

6

THOMAS JOHN HEILMAN,

Case No.: 13cv2984-JLS-MDD

7

Plaintiff,

**ORDER RE PLAINTIFF'S PENDING DISCOVERY MOTIONS**

8

v.

[ECF Nos. 109, 111, 113, 125, 131, 133, 139, 143, 164]

9

A. SILVA, et al.,

10

Defendants.

11

12

Plaintiff is a state prisoner proceeding pro se and in forma

13

pauperis, with a civil complaint filed pursuant to 42 U.S.C. § 1983.

14

Before this Court are Plaintiff's 10 discovery motions, which seek to

15

compel 343 further discovery responses from 12 different Defendants.

16

Defendants objected to the demands but have not opposed the motions.

17

Having reviewed Plaintiff's motions, briefs, and exhibits, the Court

18

deems the matters suitable for determination on the papers and rules

19

as follows.

1

## I.    ECF Nos. 109, 111, 113, 125 (first motion in filing), 131, 133, 139 : Motions to Compel Defendants to Provide Further Discovery Responses

Most of Plaintiff's motions seek to compel Defendants to provide further responses to written discovery.  Plaintiff attached each set of requests and responses for the Court's review.  The Court has reviewed each of the requests and responses at issue, as well as Plaintiff's arguments for compelling further responses as set forth in the "Notice(s) of Good Faith" he filed.  Because the issues raised by these motions overlap significantly, the Court analyzes the sufficiency of these discovery responses in groups according to the overlapping issues raised.

### a. Inadequate Meet and Confer Process

The Court finds that Plaintiff did not meet and confer in good faith with these Defendants about the allegedly inadequate discovery responses.  Serving a threat-laden "Notice of Good Faith Dispute" is quite different from actually conferring in good faith as required.  Fed. R. C. P. 37(a)(1) (a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer"); *see also*,

2

13cv2984-JLS-MDD

S. D. Cal. Civ. L. R. 26.1(a); Chambers Civ. R. § V.A.  Rules requiring that the moving party meet and confer in good faith apply to pro se litigants, though incarcerated plaintiffs are not required to meet and confer *in-person*.  Incarcerated plaintiffs can and do engage in telephonic meet and confer discussions, or may exchange letters drafted in good faith to attempt to resolve the dispute informally.  *See, e.g.*, *Madsen v. Risenhoover*, No. C 09–5457 SBA (PR), 2012 WL 2873836, at *3, 2012 U.S. Dist. LEXIS 90810, at *8–9 (N.D. Cal. June 28, 2012) (finding that the meet and confer requirement applies to incarcerated individuals, but noting that the incarcerated plaintiff may send a letter to defendants); *Walker v. Ryan*, No. CV–10–1408–PHX–JWS (LOA), 2012 WL 1599984, at *2–3, 2012 U.S. Dist. LEXIS 63606, at *5–6 (D. Ariz. May 7, 2012) (denying motion to compel where unrepresented party did not include a certification of attempts to meet and confer).

Although Plaintiff's letters to Defendants' attorney do set forth some substantive explanations for challenging the sufficiency of the

3

13cv2984-JLS-MDD

responses, the letters are peppered with personal insults,[1] threats of sanctions, and at least one more serious threat: that even if Defendant Thompson "can evade the truth" in pretrial discovery, "there are more powerful investigative agencies at work on the RJ Donovan Ad-Seg Unit's cabal of sadistic Nazi-type criminals and obstruction of these agencies by Thompson and his subordinates will be their downfall." (ECF No. 109 at 76:25-28).  Plaintiff may hold a good faith belief in the

_____

[1] *See e.g.*, ECF No. 109 at 74-75 ("Thompson is a liar and will hopefully face criminal charges"); *id.* at 75 ("I can't wait to see this Defendant's red-face in court."); ECF No. 113 at 26 ("All facts show Buenrostro was part of a team of sick, sadistic correctional officers who abused their authority"); *id.* at 29 ("Buenrostro should get his eyes checked." And, "Defendant Buenrostro [is a] sick desperate individual."); *id.* at 30 ("DUH! Buenrostro's responses and objections are so contrived.  I can't wait to see his lying face in court!"); *id.* at ("hopefully the F.B.I. has Buenrostro in its sights and a federal prison cell waiting!"); *id.* at 32 (Buenrostro is a "bald-faced liar!"); ECF No. 125 at 16 ("Tyson's claims of being 'objective, trained and competent' are clearly figments of Tyson's self-importance…. [Tyson used] gestapo-type brutality and torture…"); *id.* at 18 ("…Tyson and his sadistic co-Defendants"); *id.* at 20 ("I guess the Defendant is unaware of a device called 'a telephone.'"); *id.* at 25 ("…Tyson is guilty as hell…"); *id.* at 29 (Warden Paramo "is truly delusional and must believe 'pigs can fly too!'"); *id.* at 32 ("**Guess What Fontan, you're busted!**" (emphasis in original)).

13cv2984-JLS-MDD

1   inadequacy of the responses, but his abusive, extortionate letters to

2   Defendants were sent in anything but good faith.  Including insults and

3   threats in such letters forecloses the possibility of an informal

4   resolution rather than promoting resolution.  The Court finds that

5   Plaintiff failed to meet and confer in good faith.

6         Failure to meet and confer in good faith is grounds for denial of

7   the motion to compel.  *Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir.

8   2006); *Rogers v. Giurbino*, 288 F.R.D. 469, 477 (S.D. Cal. 2012) (noting

9   that failure to meet and confer is grounds for denial, but waiving

10  requirement in that instance); *Scheinuck v. Sepulveda*, No. C 09–0727

11  WHA (PR), 2010 WL 5174340, at *1–2, 2010 U.S. Dist. LEXIS 136529,

12  at *3–4 (N.D. Cal. Dec. 15, 2010); *see Shaw v. Cnty. of San Diego*, No.

13  06–CV–2680–IEG (POR), 2008 U.S. Dist. LEXIS 80508, at *3–4 (S.D.

14  Cal. Oct. 9, 2008) (denying plaintiff's motion to compel for failing to

15  attempt to meet and confer.).   Accordingly, Plaintiff's motion to compel

16  these responses is **DENIED**.

17

18

19

5

13cv2984-JLS-MDD

**b. <u>Responses Are Sufficient</u>**

Even if Plaintiff had meet and conferred in good faith, Plaintiff's motions as to all but one of the requests is **DENIED** because the responses are sufficient.

            <u>i.</u>  <u>Plaintiff Has Not Shown Responses Are Evasive or Incomplete</u>

Plaintiff principally finds fault with each interrogatory, request for admission, and document demand response because he believes the Defendants are being evasive or withholding information.  While Rule 37(a)(4) states that an "evasive" disclosure "must be treated as a failure to disclose, answer, or respond," it is nevertheless the moving party's burden to establish that an answer is evasive or incomplete.  Plaintiff has not presented any basis, besides sheer speculation and his own distrust, for finding the Defendants' responses evasive.  Plaintiff's mere disagreement with Defendants' answers does not render them evasive or incomplete.

For instance, Interrogatory No. 14 to Defendant Ojeda asks:

> Please explain why inmate Heilman was not immediately transported to the prison hospital when defendant correctional officers "allegedly discovered"

13cv2984-JLS-MDD

1       Heilman in room # 229 bldg six ad seg unit with a sheet
        "wrapped around his neck," and explain why Heilman
2       was kept in holding cage immediately after an
        attempted hanging with "obvious" physical injuries and
3       requesting medical care for approximately four (4) hours
        from 7:20 am-11:20 am, and whether you an ad seg
4       supervisor refused to allow Heilman to be transported to
        the clinic for immediate medical care.

5   (ECF No. 109 at 42).  Defendant Ojeda responds:

6
            Objection—argumentative, assumes facts in dispute,
7       compound, and vague and ambiguous.  Without waiving
        objections, Defendant responds as follows: The Officers
8       never reported that Heilman was hanging.  I do not
        control any aspect of an inmates medical care which
9       includes medical transportation.

10  (*Id*.).  Plaintiff seeks a further response to this interrogatory from

11  Defendant Ojeda on the basis that Plaintiff "deems the response to No.

12  14 to be evasive, misleading, inaccurate, and a self-serving fabrication

13  to conceal Defendant's unlawful and illegal acts."  (*Id*. at 17-18).

14      In another example, Interrogatory No. 1 to Defendant Ojeda asks:

15      Please explain and describe your duties at your assigned
        post on May 8-9, 2013 in the bld six ad-seg unit at RJ
16      Donovan prison.

17  (*Id*. at 37).  Defendant Ojeda responds:

18      My duties at my assigned post #220370 on May 8, 2013
        and May 9, 2013 were to supervise the operation of the
19

7

13cv2984-JLS-MDD

> Administrative Segregation Units, building units six
> and seven during the hours of 0600 hours to 1400 hours.

(*Id*.).  Nevertheless, Plaintiff argues that Defendant's substantive response to Interrogatory No. 1 is "evasive and misleading."  (*Id*. at 13).  Plaintiff also objects to interrogatory responses that produce responsive business records in lieu of providing written responses on the basis that the responses are evasive and incomplete.  (*See, e.g.*, Russell response to Interrogatory No. 1 attaching job description document in lieu of written response describing job duties).

The Defendants' responses do not appear incomplete, misleading, fabricated, or evasive, notwithstanding Plaintiff's characterization.  Interrogatories are not designed to elicit the type of detailed narrative Plaintiff seeks in these requests.  Plaintiff's proper recourse to obtain additional details would have been to depose the responding party.  In addition, the Defendants were well within their rights to produce responsive business records in lieu of a written interrogatory response.  Fed. R. Civ. P. 33(d).  And, as Plaintiff well knows, a response is not properly characterized as evasive or incomplete where the defendant lacks knowledge necessary to answer.  *See Heilman v. Chernis*, 2012

8

13cv2984-JLS-MDD

1   WL 5187732, at *6, 2012 U.S. Dist. LEXIS 150342, at *16 (E.D. Cal.

2   Oct. 18, 2012); *Gorrell v. Sneath*, 292 F.R.D. 629, 636 (E.D. Cal. 2013)

3   (relying on *Heilman*).

4          In many instances, Plaintiff draws the conclusion that the

5   responses are evasive because he feels the Defendants' responses

6   contradict other responses.  (*See e.g.*, *Id*. at 18  (Plaintiff argues

7   Defendant Ojeda's response to interrogatory No. 14 contradicts with

8   Ojeda's response to an earlier interrogatory)).  Apparent inconsistencies

9   like the one Plaintiff focuses on in Defendant Ojeda's response to

10  interrogatory No. 14 are not a proper basis for compelling a further

11  response.  Instead, Plaintiff's recourse is investigate inconsistencies

12  through depositions and to present the supposedly conflicting

13  statements as evidence at trial and argue that the inconsistencies prove

14  his case or entitle him to an adverse inference instruction.  If

15  Defendants seek to present evidence at trial that they withheld during

16  discovery, Plaintiff may seek to exclude that evidence.  Fed. R. Civ. P.

17  37.

18         Plaintiff has presented nothing, besides his own difference of

19  opinion, to indicate that these responses are evasive, incomplete or

9

13cv2984-JLS-MDD

otherwise inadequate under the Rules of Civil Procedure. *See Franklin v. Smalls,* No. 09CV1067 MMA RBB, 2012 WL 5077630, at *16 (S.D. Cal. Oct. 18, 2012) (Plaintiff did not meet burden to show how "unsatisfactory answer" was deficient)*; Washington v. Thurgood Marshall Acad.,* 232 F.R.D. 6, 9 (D.D.C. 2005) ("Because plaintiff has completely failed to explain how defendant's answers were evasive, incomplete, or non-responsive, it is impossible for the court to determine what information plaintiff wants compelled."); *see also Daiflon, Inc. v. Allied Chem. Corp.,* 534 F.2d 221, 227 (10th Cir. 1976) (noting that the movant has the burden of proving that the answer in question was incomplete).

The gist of Plaintiff's motion is that Plaintiff believes the facts to be different than the Defendants believe them to be, and that the Defendants are not credible. As Plaintiff well knows, "[t]he Court cannot conclude that defendant is being dishonest simply because plaintiff presents different facts than defendant." *Heilman v. Vojkufka,* No. CIV S-08-2788, 2011 WL 677877, at *5 (E.D. Cal. Feb. 17, 2011) report and recommendation adopted, No. CIV S-08-2788 KJM, 2011 WL 3881023 (E.D. Cal. Sept. 2, 2011).

Finally, Plaintiff seeks to compel a further response or production to a large number of requests for document production, even though Defendants already produced documents or responded by stating that no responsive documents exist.  In the instances in which Defendants produced documents, Plaintiff made no attempt to explain why he believes the document productions were incomplete.  In the instances where Defendants respond that no documents exist, Plaintiff provides no basis (besides his own disbelief) for concluding that the Defendants' responses were evasive.

Accordingly, the Court **DENIES** Plaintiff's motions to compel the following responses because Plaintiff has not carried his burden to show that the responses or document productions are evasive or incomplete:

Interrogatories:

Arguilez: 1, 7, 8, 12, 16, 20, 22, 25

Armstead: 6, 7, 8, 9, 14, 18

Fontan: 2, 4, 6

Franco: 5, 7, 8, 9, 10, 14

Buenrostro: 1, 3, 5, 6, 7, 12, 13, 14, 15, 16, 17, 18, 21, 22

Jaca: 1, 2, 3, 5, 6, 7, 10, 11, 12, 13, 20, 21, 23

11

13cv2984-JLS-MDD

1    Paramo (Set One): 1, 2, 3, 5, 7, 8, 9, 10, 11, 12, 13

2    Paramo (Set Two): 1, 2, 3, 4, 5, 6, 7

3    Ojeda: 1, 4, 5, 6, 9, 10, 11, 13, 14, 17, 18, 20, 21

4    Russell (Set One): 1, 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 18

5    Russell (Set Two): 4, 5

6    Silva: 3, 4, 5, 7, 8, 9, 11, 12, 14, 15, 17, 18, 19, 20, 22

7    Thompson (Set One): 1, 2, 10, 11, 12, 13

8    Thompson (Set Two): 1, 2, 3, 5, 6,

9    Tyson: 2, 3, 4, 5, 6, 7, 8, 9, 10, 12, 16, 18, 20, 23

10

11    <u>Requests for Admission:</u>

12    Arguilez: 12, 15, 18, 19, 20, 26, 27, 29, 30, 32, 34, 36

13    Armstead: 6, 7, 8

14    Buenrostro: 6, 7, 8, 11, 13, 14, 17, 18, 20,

15    Fontan: 1, 13

16    Franco: 12, 19, 23, 24, 25

17    Jaca: 4, 5, 6, 7, 8, 9, 10, 14, 19, 21, 26, 27, 28, 31,

18    Ojeda: 8, 13, 14, 16, 17, 18, 19, 20, 21, 23, 31, 32, 33, 34

19

13cv2984-JLS-MDD

Russell: 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29

Silva: 5, 6, 15, 19, 20, 21, 24, 26,

Thompson: 5, 6, 7, 8, 9, 10, 11, 13, 14, 15, 16, 23

Tyson: 3, 9, 10, 17, 18, 24, 26, 32, 33

Requests for Document Production:

Arguilez: 4, 7, 9, 10

Buenrostro: 1, 2, 3, 4, 7

Franco: 2, 3, 4

Ojeda: 1, 2, 3, 7

Russell: 8

Silva: 1, 2, 3, 4, 7, 12

Thompson: 7

    ii.   Objectionable Interrogatories and Requests for Admissions

In addition, most of the interrogatory requests are so compound, vague, ambiguous, argumentative, or burdensome that requiring a

13

13cv2984-JLS-MDD

1  further response to any of these questions would be overly burdensome.

2  Looking again at Interrogatory No. 14 to Defendant Ojeda, Plaintiff

3  asks:

4        Please explain why inmate Heilman was not
       immediately transported to the prison hospital when
5       defendant correctional officers "allegedly discovered"
       Heilman in room # 229 bldg six ad seg unit with a sheet
6       "wrapped around his neck," and explain why Heilman
       was kept in holding cage immediately after an
7       attempted hanging with "obvious" physical injuries and
       requesting medical care for approximately four (4) hours
8       from 7:20 am-11:20 am, and whether you an ad seg
       supervisor refused to allow Heilman to be transported to
9       the clinic for immediate medical care.

10  (ECF No. 109 at 42).  Remarkably, Defendants attempt to substantively

11  answer most of these confusing requests.  For instance, in response to

12  Interrogatory No. 14, Defendant Ojeda responds:

13        Objection—argumentative, assumes facts in dispute,
       compound, and vague and ambiguous.  Without waiving
14       objections, Defendant responds as follows: The Officers
       never reported that Heilman was hanging.  I do not
15       control any aspect of an inmates medical care which
       includes medical transportation.

16

17  (*Id.*).

18        Defendants did not respond substantively to all of Plaintiff's

19  objectionable requests.  For instance, Interrogatory No. 16 demands

14

13cv2984-JLS-MDD

that Defendant Ojeda explain whether his description in his report that officers used "physical force in an attempt to restrain inmate Heilman" was an accurate portrayal of

> how correctional officers inflicted multiple injuries to Heilman including facial injuries with swelling, bruising, and bleeding requiring x-rays for possible facial or jaw fractures, a 40% collapse of Heilman's left lung with an associate air seepage into his lungs (pneumothorax) which required extensive surgical repair.

(*Id.* at 43).  Defendant Ojeda objects that this request assumes facts in dispute, is vague and ambiguous, seeks an expert opinion, and is argumentative.  (*Id.*).  The Court agrees.  The request as phrased is hard to understand, argumentative, and calls for Defendant to respond as if he were a medical expert rather than seeking his lay observations. It is argumentative because it requires the Defendant to adopt Plaintiff's version of the underlying events.  Plaintiff may use interrogatories to discover what the facts are as the responding party sees them—not to require the responding party to adopt the facts as Plaintiff sees them.  This request is not aimed at discovering information or narrowing the issues to be tried.

15

13cv2984-JLS-MDD

The Court holds that the Defendants are also excused from further responding to the following requests.  The Court finds that each of the following requests are compound, vague, ambiguous, irrelevant, duplicative, call for an expert opinion, call for speculation, are so argumentative as to be harassing, call for information readily available to Plaintiff in document that has been produced or is publicly available, or a combination of several of these deficiencies.  The Court further finds that Defendants' substantive responses, when they provide a substantive response, are sufficient, and finds that Defendants are excused from substantively responding to the objectionable responses to which they did not formulate a substantive response.

Interrogatories:

Arguilez: 1, 7, 8, 10, 12, 20, 22, 25

Armstead: 6, 7, 8, 9, 14, 18

Buenrostro: 3, 5, 6, 7, 11, 12, 13, 14, 15, 16, 17, 18, 21, 22

Fontan: 2, 4, 6

Franco: 5, 7, 8, 9, 10, 14

Jaca: 3, 5, 6, 7, 11, 12, 13, 15, 20, 21, 23

Ojeda: 6, 9, 10, 11, 13, 14, 16, 19, 20, 21

16

13cv2984-JLS-MDD

1   Paramo (Set One): 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13

2   Paramo (Set Two): 1, 2, 3, 4, 5, 6, 7

3   Russell (Set One): 3, 5, 6, 7, 8, 9, 10, 11, 14, 15, 16, 18

4   Russell (Set Two): 2, 4, 5

5   Silva: 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22

6   Thompson (Set One): 1, 2, 10, 11, 12, 13

7   Thompson (Set Two): 3, 5, 6

8   Tyson: 2, 3, 4, 5, 6, 7, 8, 9, 10, 12, 16, 17, 18, 20, 23

9

10   Requests for Admission:

11   Arguilez: 26, 30, 31, 36

12   Buenrostro: 6, 7, 8, 11, 13, 18, 20

13   Franco: 12, 18, 23, 24, 25

14   Jaca: 7, 19, 21, 26, 27, 28, 31, 32

15   Ojeda: 8, 17, 22, 25, 28, 29, 35

16   Russell: 29

17   Silva: 5, 6, 9, 15, 20, 21, 24, 26, 28, 29, 30, 36, 38

18   Tyson: 3, 9, 10, 17, 18, 23, 24, 26, 32, 33, 39

19

17

13cv2984-JLS-MDD

1    Accordingly, Plaintiff's motions to compel further responses to

2 these requests are **DENIED**.  In so finding, the Court emphasizes that

3 it has reviewed and considered each response at issue on an individual

4 basis and determined that at least one of the objections raised by

5 Defendant to each request should be sustained, such that no

6 substantive response is required.

7                    iii.    Objectionable Requests for Documents

8                          1.    Defendants' Statements Alleging Battery or

9                          Assault on Peace Officer by an Inmate

10    Request No. 8 to Defendant Ojeda demands that Ojeda provide all

11 statements he personally gave against inmates housed in the building

12 six administrative segregation unit in a CDCR crime/incident report

13 alleging inmate "battery or assault on a peace officer."  (*Id*. at 63).

14 Defendant Ojeda objects that the request is vague, ambiguous,

15 overbroad, irrelevant and not likely to lead to the discovery of

16 admissible evidence, and burdensome.  (*Id*. at 64).  In his "Notice of

17 Good Faith" arguments, Plaintiff interprets the scope of his own request

18 to include just the "documents containing interviews pertaining to the

19 allegation filed against Heilman for 'Battery on a Peace Officer' by

18

1    Defendant D. Tyson on May 9, 2013." (*Id.* at 33).  Plaintiff's limited

2    interpretation of his own request demonstrates that the original request

3    was vague, ambiguous, overbroad, and burdensome.  Moreover, the

4    request as interpreted by Plaintiff merely seeks the same documents he

5    requests in Request for Production No. 2 to Defendant Ojeda, and

6    Request No. 8 is therefore duplicative.  Accordingly, the Court **DENIES**

7    Plaintiff's motion to compel further response to Request No. 8 from

8    Defendant Ojeda.

9                          2.  Defendants' CDCR Personnel Records

10          Plaintiff also seeks to compel a further response from Defendant

11   Russell to Request No. 1, seeking "a copy of your CDCR personnel

12   record.  All personal information should be redacted."  (ECF No. 109 at

13   131).  Defendant Russell advances several objections, including that the

14   request is overly broad, burdensome, irrelevant, and seeks confidential

15   peace officer information and violates the official information privilege.

16   Defendant's objections that this request is overbroad, burdensome, and

17   seeks irrelevant evidence are sustained.  Discovery may not be used as

18   a fishing expedition into the affairs of an adversary.  *See, e.g., H-P-M*

19   *Dev. Corp v. Watson-Stillman Co.*, 71 F. Supp. 906, 914 (D. N.J. 1947).

19

1  Plaintiff has not carried his burden to show how Defendant Russell's

2  confidential personnel record is relevant to his claims.  Accordingly,

3  Plaintiff's motion to compel further response by Defendant Russell to

4  Request No. 1 is **DENIED**.

5                             3.  Adverse Actions Against Defendant at CDCR

6         Request No. 3 to Defendant Thompson and Request No. 4 to

7  Defendant Franco seek all adverse actions taken against them as CDCR

8  correctional staff members.  (ECF No. 109 at 102; ECF No. 111 at 86).

9  Defendants object on a number of grounds.  Defendant Thompson's

10  most pertinent objection is that the request is duplicative of Request

11  No. 1 (to which Plaintiff is not seeking to compel a further response).

12  Plaintiff does not dispute that this request is duplicative of Request No.

13  1.  Indeed, Request No. 1 asks for the disciplinary section of Defendant

14  Thompson's CDCR general personnel file.  (*Id*. at 101).  The Court finds

15  no material difference between the two requests.  In response to

16  Request No. 1, Defendant objected and then answered "[n]o documents

17  were located responsive to this request." (*Id*.).  In light of that response,

18  the Court declines to compel a further response to the duplicative

19  request at No. 3.  Similarly, Defendant Franco's objections to Plaintiff's

20

13cv2984-JLS-MDD

request for records of disciplinary or adverse actions are followed by his

affirmation that "No documents were located responsive to this

request." (ECF No. 111 at 86).  Plaintiff has not shown this response to

be evasive.  Accordingly, the motion to compel further response to

Request No. 4 to Defendant Franco is **DENIED**.

Likewise, Plaintiff demands from Defendant Arguilez both "a copy

of the disciplinary section of your CDCR general personnel file," and "a

copy of any/all actions CDCR administrative filed against you."  (ECF

No. 111 at 42).  Defendants object that the requests are irrelevant,

compound, vague and ambiguous, overbroad, burdensome, oppressive,

and seek confidential peace officer information and violate the official

information privilege.  (*Id*.).  Defendant also provided a privilege log to

Plaintiff in response to Request No. 2, but Plaintiff did not provide that

privilege log to this Court.  The Court agrees that the request is

overbroad and that most if not all of the documents responsive to this

request are irrelevant to this action.  For instance, if Defendant was

disciplined for tardiness, those records would have no bearing on this

matter.  Plaintiff fails to carry his burden to show the relevance of the

13cv2984-JLS-MDD

1  records requested.  Consequently, his motion to compel these requests is

2  **DENIED**.

3  <u>4.</u>  <u>Criminal Convictions and Arrests</u>

4  Plaintiff also seeks to compel further responses from Defendant

5  Thompson to Request No. 4, from Defendant Russell to Request No. 7,

6  from Defendant Silva to Request No. 5, from Defendant Buenrostro to

7  Request No. 5, and from Defendant Arguilez to Request No. 5, each

8  demanding a copy of "any/all notices of criminal convictions [the

9  responding Defendant] ha[s] received."  (ECF No. 109 at 102; ECF 111

10  at 44; ECF No. 113 at 74; ECF No. 113 at 104).  Request No. 6 to

11  Defendants Arguilez, Silva, and Buenrostro similarly demand a copy of

12  "any/all records of arrests you have received."  (ECF No. 111 at 4; ECF

13  No. 113 at 74; ECF No. 113 at 104).  Defendants object that the

14  requests are vague, ambiguous, irrelevant, overbroad, seek confidential

15  peace officer information and information protected by the official

16  information privilege, and seek information available to the public.

17  (*Id*.).  Plaintiff has not shown how, for instance, a hypothetical

18  misdemeanor conviction for drug possession has any relevance to this

19  action.  Defendants' objections that these requests are overbroad and

22

1   seek irrelevant evidence are sustained.  As noted before, discovery may

2   not be used as a fishing expedition into the affairs of an adversary.  *See,*

3   *e.g., H-P-M Dev. Corp v. Watson-Stillman Co.*, 71 F. Supp. 906, 914 (D.

4   N.J. 1947).  In addition, Defendants correctly note that such

5   information would be publicly available, such that Plaintiff can obtain

6   the information by means less burdensome on Defendants.  Accordingly,

7   Plaintiff's motions to compel a further response to Request No. 4

8   (Defendant Thompson), Request No. 7 (Defendant Russell), Requests

9   Nos. 5 and 6 (Defendant Silva), Request Nos. 5 and 6 (Defendant

10   Buenrostro), and Request Nos. 5 and 6 (Defendant Arguilez) are

11   **DENIED**.

12            5.  Inmate 602s/Complaints Against Defendants for

13                Misconduct or Excessive Force Against Inmates

14        Plaintiff also demands "all inmate 602 Appeal/staff complaints"

15   filed against Defendants "for misconduct, excessive use of force, or

16   ordering or approving subordinate officer's misconduct against prison

17   inmates."  (ECF No. 109 at 103 (Thompson, Request No. 7); ECF No.

18   113 at 73 (Request No. 3)).  Defendant Thompson and Defendant Silva

19   respond by producing redacted appeals, subject to objections that the

23

13cv2984-JLS-MDD

1    requests invade privacy, lack relevance, and are compound, vague,

2    ambiguous, overbroad, burden and oppression.  Plaintiff did not explain

3    in his papers why the redacted appeals that Defendants produced in

4    response are insufficient.  Accordingly, the Court **DENIES** Plaintiff's

5    motion to compel further response or further production.

6                      6.  Civil Lawsuits Against Defendants By Inmates

7            Plaintiff also demands records from all civil lawsuits filed against

8    Defendants Arguilez, Silva, and Buenrostro by current or former prison

9    inmates, including records showing the ultimate results of the cases

10   (excluding Heilman's cases).  (ECF No. 111 at 45 (Request No. 11); ECF

11   No. 113 at 75 (Request No. 11); ECF No. 113 at 105 (Request No. 11)).

12   Defendants object that the requests are vague and ambiguous,

13   irrelevant, overbroad, and seek information available to the public.

14   (*Id*.).  Indeed, civil lawsuits are a matter of public record, such that

15   Plaintiff can obtain the information by less burdensome means.

16           Defendants' objections that these requests are overbroad and seek

17   irrelevant evidence are also sustained.  Discovery may not be used as a

18   fishing expedition into the affairs of an adversary.  *See, e.g., H-P-M Dev.*

19   *Corp v. Watson-Stillman Co.*, 71 F. Supp. 906, 914 (D. N.J. 1947).

24

13cv2984-JLS-MDD

Plaintiff has made no attempt to show how such broadly-described records are relevant to this action. In addition to Plaintiff's failure to meet and confer in good faith, Plaintiff's motion to compel these responses is **DENIED** on this basis.

<u>7.</u> <u>Records Pertaining to Inmate Allegations of Excessive Force In Ad-Seg Unit</u>

Request No. 12 to Defendant Arguilez calls for any records pertaining to inmate allegations that his subordinates used excessive force in the Administrative Segregation Unit. Defendant objected that the request is vague and ambiguous, overbroad, not specific as to time, irrelevant, and duplicative. (ECF No. 111 at 45-46). Indeed, the request overlaps significantly with other requests for inmate complaints, 602 appeals, and civil lawsuits against these Defendants, and thus is duplicative of those requests. The request is also overbroad because it is not restricted to allegations against these Defendants. Nor is it restricted to the times that these Defendants have been stationed in the Administrative Segregation Unit. Moreover, the request seeks irrelevant information, because it is not limited to allegations that have been substantiated. False allegations of excessive force have no

25

1 relevance this action. Properly tailored, this request would seek only

2 substantiated allegations of excessive force used by Defendants that

3 Defendant Arguilez supervises. Plaintiff sought that precise category of

4 documents in other requests, rendering this request duplicative.

5 Accordingly, this request is **DENIED**.

6         8. <u>Request (Set Two) No. 1 to Defendant Paramo</u>

7     In this request, Plaintiff seeks

8       Copies of any/all letters or correspondence from
    prison inmates to either yourself as warden of RJ

9     Donovan Correct. Facility, or to the warden's office
    during your tenure as warden of RJ Donovan containing

10     complaints of either excessive force or misconduct by RJ
    Donovan Ad-seg unit correctional staff, or letters

11     complaining that the specific inmate in question has not
    been permitted to file allegations on a prison grievance

12     (602/inmate staff complaint-appeal) or excessive force or
    misconduct against RJ Donovan A.S.U. Correction staff

13     when the 602 forms are either "screened-out" or go
    "missing" once submitted by the inmate.

14

15 (ECF No. 131 at 35). Defendant objects that this request is compound,

16 vague and ambiguous, overbroad, not specific to time, irrelevant,

17 burdensome, oppressive, and seeks information that would violate the

18 privacy of inmates who are not parties to this case. The Court sustains

19 Defendant's objections that this request is compound, so overbroad,

26

13cv2984-JLS-MDD

irrelevant, and that the request calls for private information of third

parties that may be confidential or privileged.  Once again, the Court

declines to permit Plaintiff to use discovery as a fishing expedition into

the affairs of an adversary.  *See, e.g., H-P-M Dev. Corp v. Watson-*

*Stillman Co.*, 71 F. Supp. 906, 914 (D. N.J. 1947).  Accordingly, the

Court **DENIES** Plaintiff's motion to compel this response.

9.  Request (Set Two) No. 2 to Defendant Paramo

In this request, Plaintiff demands grievances filed by inmates

against Correctional Officers R. Davis, Bustos, Heddy, Miller, and

Lopez for excessive force, misconduct, brutality, abuse, or harassment

during Defendant Paramo's tenure as warden.  (ECF No. 131 at 35).

Defendant objects that the request is irrelevant, compound, vague and

ambiguous, overbroad, burdensome, oppressive, and seeks confidential

and privileged information of third party peace officers.  Indeed, none of

the correctional officers listed in this demand are defendants in this

action.  Plaintiff offers no explanation for how inmate complaints

against nonparties have any bearing on his allegations against these

Defendants.  The Court sustains Defendant's objections to relevance

27

13cv2984-JLS-MDD

1    and third party privacy.  Consequently, Plaintiff's motion is **DENIED**

2    as to this request.

3       **c.  Inadequate Response**

4       Amidst the hundreds of responses Plaintiff moves to compel, there

5    is one interrogatory to which Defendant Buenrostro failed to properly

6    respond.  Interrogatory No. 8 to Defendant Buenrostro asks "Please

7    explain if any Inmate 602 staff complaints/Appeals were filed against

8    you for excessive use of force while you were assigned to Admin.

9    Segregation and provide the Log numbers of those grievances."  (ECF

10   No. 113 at 81).  Defendant's response is a word-for-word copy of the

11   request.  The Court finds that Defendant's "response" is a cut-and-paste

12   error rather than a willful failure to respond.  Had Plaintiff properly

13   meet and conferred with Defendants in good faith, or had Plaintiff

14   narrowed down the requests at issue, Defendant most likely would have

15   provided a substantive response—willingly and informally—upon

16   learning of the clerical error.  Plaintiff is the victim of his own discovery

17   misconduct.

18      Nevertheless, because Plaintiff is a prisoner proceeding pro se,

19   and the Defendant's failure to respond to this request is clearly a

28

1   clerical error, the Court **GRANTS** Plaintiff's motion to compel a further

2   response by Defendant Buenrostro to Interrogatory No. 8 (which is in

3   the motion filed at ECF No. 113).  In granting this request, however,

4   the Court finds good cause for excusing Defendant Buenrostro's failure

5   to timely object to this request, and finds that Defendant Buenrostro

6   has not waived objections to this request.  See Fed. R. Civ. P.

7   33(b)(4)(permitting court to excuse, for good cause, a failure to timely

8   object).  In addition, the Court finds that it would be unjust to impose

9   sanctions against Defendant Buenrostro or his attorney with respect to

10  this request.  Accordingly, Defendant Buenrostro is **ORDERED** to

11  respond further respond to Interrogatory 8 within 14 days of entry of

12  this Order.

13  **II.    ECF 125: Motion to compel Defendants Silva, Buenrostro,**

14  **Tyson, Fontan, Armstead, Ojeda, and Arguilez to Disclose**

15  **Confidential Supplements (Attachment "C") to the 602/Inmate-**

16  **Staff Complaints**

17          Plaintiff filed this motion to compel Defendants Silva, Buenrostro,

18  Tyson, Fontan, Armstead, Ojeda, and Arguilez to produce the

19  confidential Attachment C to the numerous 602/Inmate-Staff

29

13cv2984-JLS-MDD

Complaints on January 9, 2015.  (ECF No. 125).  Plaintiff's motion is untimely as to these requests.  All of the Defendants' responses to document demands that this motion is based upon were signed by Defendants between October 29 and November 5.  (ECF Nos. 109, 111, 113, 125).  Plaintiff fails to show that the motion is timely.  Plaintiff does not provide the proofs of service for these responses or identify the date he actually received them.  Even if Plaintiff received these responses two weeks after the Defendants signed them, Plaintiff's time to file this motion on the latest-received responses expired on January 5, 2015—several days before he constructively filed this motion.

In addition, as to Defendant Armstead, Plaintiff failed to provide the document demands and responses served on Defendant Armstead. Absent a showing that the Plaintiff actually demanded the document he now seeks to compel, the Court cannot compel production.

Accordingly, Plaintiff's motion to compel the production of the confidential Attachment Cs to the 602/Inmate-Staff Complaints is **DENIED**.

13cv2984-JLS-MDD

1   **III.    ECF 143: Motion to compel Defendant Paramo to provide a**

2   **further response to Request For Admission No. 11**

3       Plaintiff separately moves for a supplemental response from

4   Defendant Paramo to Request for Admission No. 11, and for sanctions.

5   (ECF No. 143).  Request for Admission No. 11 asks:

6           Do you admit or deny that CDCR policy and procedures
        mandates that an inmate claiming serious injuries

7           should be <u>immediately</u> transported for medical care and
        treatment either by an ambulance or other

8           transportation.

9   (*Id*. at 2-3).  Defendant Paramo responds:

10           Objection—irrelevant and not likely to lead to the
        discovery of admissible evidence as Plaintiff's complaint

11           specifically states his medical care is <u>not</u> at issue in this
        case.

12

13   (*Id*. at 3).  Plaintiff contends that this response is incomplete and

14   incorrect, because he has raised an Eighth Amendment deliberate

15   indifference claim for lack of medical care in his Complaint in the

16   Seventh Cause of Action.  (*Id*.).  The Complaint states in relevant part

17   "[t]hat these acts, omissions, or conduct makes these supervisorial

18   defendants personally responsible for violations of Heilman's Eighth

19   Amendment right when deliberately indifferent to Heilman's health,

31

safety and welfare in the use of excessive force against Heilman while working under color of state law." (ECF No. 1 at 85:12-18; *see also id.* at 87:7-12). Indeed, the Complaint specifically alleges that "CDCR rules, regulations and just plain common sense would dictate that Heilman be transported by ambulance to the prison hospital for medical evaluation and treatment...." (*Id.* at 87:26-88:3). The Defendants correctly point out that the Complaint also states that Plaintiff is reserving the Eighth Amendment deliberate indifference to medical needs claim for another complaint in another case. Although it is unclear whether Plaintiff is actually bringing the deliberate medical indifference claim in this action,[2] the excerpted allegations in his Complaint are sufficient to render Request for Admission 11 to Defendant Paramo relevant to this action. Accordingly, Plaintiff's motion to compel a further response is **GRANTED**, and Defendant Paramo is **ORDERED** to provide a supplemental response to Request for Admission No. 11 within 14 days of entry of this Order.

---

[2] The Court does not opine in this Order whether Plaintiff's Complaint states a claim for inadequate medical care under the Eighth Amendment.

13cv2984-JLS-MDD

1    Plaintiff's request for sanctions against Defendant Paramo and his

2  attorney relating to this response is **DENIED**.  The Court finds that

3  Defendant's failure to respond was justified because the Complaint

4  states that Plaintiff intends to bring his medical indifference claim in

5  another suit, such that it was not frivolous or clearly unreasonable for

6  Defendant to believe that this request fell outside the scope of this

7  action.

8  **IV.    ECF 164: Motion to compel Defendant Paramo to Disclose**

9  **Items Pursuant to Subpoena**

10    In this motion, Plaintiff seeks to compel documents responsive to

11  select demands (referred to by Plaintiff as "Subpoenaed Items") in a

12  subpoena he states that he served on Defendant Paramo pursuant to

13  Fed. R. Civ. P. 45.  In support of his motion, Plaintiff provides his own

14  handwritten version of the demands, objections, and his

15  counterargument in favor of production.  (ECF No. 164).  Plaintiff does

16  not provide the subpoena, proof of service of the subpoena on the

17  Defendant, or the Defendant's actual signed responses.

18    The service of the subpoena demanding the document is a

19  necessary prerequisite to a court compelling a nonparty's obedience

13cv2984-JLS-MDD

with a subpoena.  Fed. R. Civ. P. 37 and 45; *see e.g.*, *James v. Wash*

*Depot Holdings, Inc.*, 240 F.R.D. 693, 694–695 (S.D. FL. 2006); *see also*

*Roberts v. Americable Int'l Inc.*, 883 F.Supp. 499, 501 n. 2 (E.D. Cal.

1995) ("[A party's] informal request for production of documents made

at deposition is not recognized as an appropriate discovery request

under the Federal Rules, i.e. such discovery vehicle does not exist under

the Federal Rules of Civil Procedure. [The] motion to compel is

inappropriate and is denied for this reason.").  In the absence of a

subpoena, the other party has no duty to produce documents.  Fed. R.

Civ. P. 45(a)(1)(D) (creating duty to respond).  In the absence of any of

these items proving that the subpoena was served, that the Defendant

did in fact respond with objections, and that Plaintiff faithfully and

completely restated the Defendant's objections, the Court finds that

Plaintiff has not met his burden.  Consequently, Plaintiff's motion to

compel further responses to these requests is **DENIED**.

## V.    CONCLUSION

The Court **DENIES** the motions entered on the docket as ECF

Nos.  109, 111, 125, 131, 133, 139, 164.

13cv2984-JLS-MDD

1    The Court **GRANTS IN PART** and **DENIES IN PART** the

2    motion entered on the docket as ECF No. 113.  Defendant Buenrostro is

3    **ORDERED** to provide a further response to Interrogatory No. 8 within

4    14 days of entry of this Order.  The motion is **DENIED** as to all other

5    requests at issue, and as to the sanctions request.

6    The Court **GRANTS IN PART** and **DENIES IN PART** the

7    motion entered on the docket as ECF No. 143.  Defendant Paramo is

8    **ORDERED** to provide a further response to Request for Admission 11,

9    but the request for sanctions is **DENIED**.

10

11    **IT IS SO ORDERED.**

12

13   Date:   April 13, 2015

14

Hon. Mitchell D. Dembin
United States Magistrate Judge

15

16

17

18

19

35

13cv2984-JLS-MDD