UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOHN HEILMAN, CDCR #H-76785,<br><br>Plaintiff,<br><br>vs.<br><br>A. SILVA, et al.,<br><br>Defendants. | Case No.: 13-CV-2984 JLS (AGS)<br><br>**ORDER GRANTING MOTION TO WITHDRAW**<br><br>(ECF No. 301) |

Presently before the Court is Andrea N. Jones and the law firm Coast Law Group LLP's Motion to Withdraw as Plaintiff's Attorneys of Record (collectively, "Plaintiff's Counsel") ("Withdrawal Mot.," ECF No. 301). Plaintiff Thomas John Heilman filed a response to his Counsel's Motion to Withdraw. ("Pl.'s Resp.," ECF No. 303.) Plaintiff's Counsel filed a reply in support of their motion. ("Reply ISO Withdrawal Mot.," ECF No. 304.) The Court vacated the hearing on the matter pursuant to Civil Local Rule 7.1(d). After considering the parties' arguments and the law, the Court **GRANTS** Plaintiff's Counsel's Motion to Withdraw.

/ / /

/ / /


# BACKGROUND

On September 10, 2015, the Court granted Plaintiff's motion for appointment of counsel and appointed Charles F. Whitman, of Purdy & Bailey, as Pro Bono Counsel. (ECF No. 250.) Following Mr. Whitman's withdrawal (ECF No. 260), the Court appointed Andrea N. Jones, of Coast Law Group, LLP, as Plaintiff's Pro Bono Counsel (ECF No. 262). Ms. Jones agreed to represent Plaintiff. Despite this, Plaintiff moved the Court to appoint another attorney to represent him, which the Court denied. (ECF No. 273.) Since then, Plaintiff has moved the Court to order his Counsel to provide effective assistance in preparation for trial. (*See* ECF No. 287.) Plaintiff's Counsel now moves to withdraw their representation of Plaintiff. (ECF No. 301.)

# LEGAL STANDARD

"An attorney may not withdraw as counsel except by leave of court, and the decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Beard v. Shuttermart of Cal., Inc.*, No. 07CV594WQH (NLS), 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008) (alterations, citations, and internal quotation marks omitted); *see also* Civ. L.R. 83.3(g)(3). "In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Leatt Corp. v. Innovative Safety Tech., LLC*, No. 09-CV-1301-IEG (POR), 2010 WL 444708, at *1 (S.D. Cal. Feb. 2, 2010) (citing *Beard*, 2008 WL 410694, at *2).

Pursuant to Civil Local Rule 83.4(b), each attorney "permitted to practice in this court shall be familiar with and comply with the standards of professional conduct required

///
///
///
///
///

of members of the State Bar of California." Civ. L.R. 83.4(b). In relevant part, California Rule of Professional Conduct 3-700 provides:

> **(A) In General.**
>
>> (1) If permission for termination of employment is required by the rules of a tribunal, a member shall not withdraw from employment in a proceeding before that tribunal without its permission.
>>
>> (2) A member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D) [concerning the return of client papers and property and the refund of any advance fees not earned], and complying with applicable laws and rules.
>
> . . .
>
> **(C) Permissive Withdrawal.**
>
> . . . [A] member may not request permission to withdraw in matters pending before a tribunal, and may not withdraw in other matters, unless such request or such withdrawal is because:
>
>> (1) The client
>>
>>> . . .
>>>
>>> (d) by other conduct renders it unreasonably difficult for the member to carry out the employment effectively . . . .

Pursuant to this District's Civil Local Rules, "[a] notice of motion to withdraw as attorney of record must be served on the adverse party and on the moving attorney's client." Civ. L.R. 83.3(g)(3)(a).

/ / /
/ / /
/ / /
/ / /
/ / /

## ANALYSIS

Plaintiff's Counsel argue that they and Plaintiff have reached irreconcilable differences that have created a conflict of interest in further representation. (Withdrawal Mot. 2,[1] ECF No. 301-2.) Specifically, against Ms. Jones's recommendation and without providing her notice of his intention to file any motion, Plaintiff filed motions seeking to replace her as his counsel and/or ordering her to render effective assistance of counsel. (Declaration of Andrea N. Jones ("Jones Decl.") ¶¶ 3–4, ECF No. 301-1.) In addition, Plaintiff's Counsel and Plaintiff "maintain differing opinions and positions regarding the handling of Plaintiff's case to the point that [they] have irreconcilable differences and cannot amicably carry on the attorney-client relationship." (*Id.* ¶ 5.) Plaintiff's Counsel believe that withdrawal will not unduly prejudice Plaintiff's case because no trial date has yet been set and all discovery deadlines have expired. (*Id.* ¶ 6.)

Much of Plaintiff's response is a chronicling of instances where his Counsel allegedly failed to render effective assistance, which have collectively prejudiced his case. (*See generally* Pl.'s Resp., ECF No. 303.) Plaintiff also argues that Ms. Jones failed to specify the existing "irreconcilable differences" between the two. (*Id.* at 2–3.) In response to his Counsel's belief that Plaintiff's case will not be prejudiced, Plaintiff "alleges such a statement to be untrue[.]" (*Id.* at 14.) If the Court grants his Counsel's motion, Plaintiff requests that the Court appoint other pro bono counsel to represent him. (*Id.* at 15.) If not, Plaintiff requests that the Court order his Counsel to render effective assistance in preparation for trial. (*Id.* at 15–16.)

In their Reply, Plaintiff's Counsel argue that Ms. Jones did not elaborate the basis for the "irreconcilable differences" in order to avoid waiving any attorney-client privileged communications, which may result in prejudicing Plaintiff's case. (Reply ISO Withdrawal Mot. 1, ECF No. 304.) His Counsel also note that Plaintiff does not appear to oppose the

---

[1] Pin citations to docketed material refer to the CM/ECF numbers electronically stamped at the top of the page.

4

1  Motion to Withdraw, alleges that his Counsel have not adequately or effectively offered
2  legal assistance, and apparently intends to seek disciplinary action against Ms. Jones with
3  the California State Bar Association. (*Id.* at 2.)

4        The Court finds that good cause for withdrawal exists. Plaintiff's Counsel's motion
5  is premised on irreconcilable differences between them and Plaintiff. Plaintiff's Counsel
6  do not reveal these differences based on possibly waiving attorney-client privilege. But
7  after reviewing Plaintiff's declaration and attached exhibits, (Pl.'s Resp. 18–59, ECF No.
8  303), the Court credits the truth of Ms. Jones's declaration that they "maintain differing
9  opinions and positions regarding the handling of Plaintiff's case to the point that [they]
10 have irreconcilable differences and cannot amicably carry on the attorney-client
11 relationship." (*Id.* ¶ 5.) Their strained relationship is also readily apparent in Plaintiff's
12 several motions to replace or otherwise order his Counsel to provide effective assistance,
13 as well as a possible disciplinary action against Ms. Jones with the California State Bar
14 Association. Accordingly, the Court is convinced that good cause exists for Plaintiff's
15 Counsel to withdraw their representation of Plaintiff. *See* California Rule of Professional
16 Conduct 3-700(C)(1)(d).

17       Furthermore, the Court can find no prejudice that withdrawal may cause to other
18 litigants, nor is it clear that withdrawal would severely harm the administration of justice,
19 since Plaintiff has demonstrated his ability to file motions and otherwise competently
20 participate in this case and others before this Court. (*See, e.g.*, *Heilman v. Cook*, 3:13-cv-
21 2984-JLS (AGS), ECF No. 155 (Plaintiff's Motion for Summary Judgment).) And there
22 will likely be no undue delay in this case, since the dispositive motion deadline has passed
23 and the case is ready to be set for a pretrial hearing. (*See* Joint Status Report 7, ECF No.
24 297.) Accordingly, the Court **GRANTS** Plaintiff's Counsel's Motion to Withdraw.

25       Now that the Court has granted Plaintiff's Counsel's Motion to Withdraw, Plaintiff
26 ///
27 ///
28 ///

argues that the Court should appoint him new counsel. The Court declines to do so at this juncture. As the Court previously explained:

> The Court's prior finding that "Plaintiff's 'likelihood of success on the merits' increased" when the Court denied in part Defendants' Motion for Summary Judgment (*see* ECF No. 250 at 2; ECF No. 262 at 2) does not obligate the Court to appoint new counsel. That is particularly true when, as is the case here, Plaintiff has demonstrated an ability to articulate the factual and legal bases of his claims. (*See* ECF No. 46 at 2.)

(ECF No. 273, at 2.) Plaintiff is, of course, free to move this Court for appointment of counsel at a later date.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Counsel's Motion to Withdraw (ECF No. 301). Accordingly, the Court **DENIES AS MOOT** Plaintiff's Motion for Leave for an Order to Appointed Counsel to Render Effective Assistance in Preparation for Trial (ECF No. 287).

**IT IS SO ORDERED.**

Dated: March 2, 2017

Hon. Janis L. Sammartino
United States District Judge