# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| THOMAS JOHN HEILMAN, CDCR #H-76785, Plaintiff, v. A. SILVA, et al., Defendants. | Case No.: 13-CV-2984 JLS (AGS)<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION TO STAY PROCEEDINGS OR ALTERNATIVELY VACATE SETTLEMENT AND DENYING MOTION FOR DOCUMENTS**<br><br>(ECF Nos. 350, 351, 352, 353, 362, 366) |
|---|---|

Presently before the Court is Plaintiff Thomas Heilman's Motion for Leave to File a Motion to Stay the Proceedings or, Alternatively Vacate the Settlement Agreement.[1] ("MTN," ECF No. 362). Also before the Court are Defendants Joint[2] Opposition to Plaintiff's Motion, ("Opp'n," ECF No. 369), and the Declaration of Mr. David Zugman, (ECF No. 372). Having considered the parties' arguments and the law, the Court rules as follows.

---

[1] Plaintiff also filed a request for a ruling on his pending motions, (ECF No. 371). This Order satisfies his request.

[2] Because the Court previously consolidated two actions into one, there are two sets of Defendants. First, the "Silva Defendants" include A. Silva, T. Armstead, H. Tyson, R. Russell, J. Thompson, A. Buenrostro, D. Arguilez, E. Fontan, D. Nainggolan, and F. Jaca. The "Cook Defendants" include D. Donoghue and J. Cook. The Court refers to both sets of defendants as "Defendants" because they filed a Joint Opposition.

## BACKGROUND

Plaintiff Thomas Heilman is a prisoner who filed two civil rights complaints pursuant to 42 U.S.C. § 1983 in two different cases before this Court. Plaintiff filed his complaint in *Heilman v. Silva et al.*, No. 13-CV-2984, on December 11, 2013 and in *Heilman v. Cook et al.*, No. 14-CV-1412, on June 9, 2014.[3] Plaintiff litigated these actions over the course of several years, proceeding *pro se* until this Court appointed counsel and consolidated the two cases. (*See, e.g.*, ECF No. 322.) Various attempts at settlement failed and this case appeared to be headed for trial in May 2018.[4]

On April 12, 2018, the parties conducted an in-person settlement conference in front of Magistrate Judge Erica P. Grosjean in the Eastern District of California. After extensive negotiation, the case settled. The parties agreed orally before Judge Grosjean, but have not yet memorialized the agreement in writing. Accordingly, the Court vacated the trial dates and set this case on a thirty-day dismissal track. (ECF No. 360.) On May 16, 2018, Plaintiff filed his present Motion before the Court requesting leave to file a motion to stay the proceedings or, alternatively, vacate the settlement.

## LEGAL STANDARD

"A district court has the inherent power to enforce a complete settlement agreement entered into while the litigation is pending before it." *Dicey v. Cobb*, No. 14-CV-2661 TLN CKD P, 2017 WL 3705571, at *1 (E.D. Cal. Aug. 28, 2017) (citing *In re City of Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1995); and *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987)). This enforcement power extends to oral agreements. *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1138 (9th Cir. 2002).

---

[3] The settlement agreement also covers three cases not currently before this Court. These include *Heilman v. Sanchez*, No. 10-CV-1120-JAM-DBP (E.D. Cal.), *Heilman v. Furster*, 15-CV-9987-JVS-FFM (C.D. Cal.), and *Heilman v. Dillen*, 14-CV-6298-JVS-FFM (C.D. Cal.). (*See* ECF No. 368.)

[4] To that end, Defendants filed motions in limine that are still pending before the Court. (*See* ECF Nos. 350–53.) Because the Court vacated the trial dates for this case, (ECF No. 360), the Court now **DENIES AS MOOT** the Motions in Limine, (ECF Nos. 350–53).

"The construction and enforcement of settlement agreements are governed by principles of [state] law which apply to interpretation of contracts generally." *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th. Cir. 1989). Accordingly, courts will apply state law regarding the formation and interpretation of contracts despite the underlying cause of action arising out of federal law. *United Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992); *see also Harrop v. W. Airlines, Inc.*, 550 F.2d 1143, 1145 (9th Cir. 1977) (applying California law). Generally, a court has broad discretion to determine whether a settlement agreement is fair and reasonable. *Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 224, 234–35 (Ct. App. 2001), *disapproved on other grounds by Hernandez v. Restoration Hardware, Inc.*, 4 Cal. 5th 260 (2018).

## ANALYSIS

### I. The Settlement Agreement

As an initial matter, the Court examines whether Plaintiff entered into a valid settlement agreement with Defendants. The Court applies California contract law to the settlement. *See United Commercial*, 962 F.2d at 856. In California, oral settlement agreements made before a court are enforceable. Cal. Civ. Proc. Code § 664.6; *see also* Cal. Civ. Code § 1622 (permitting oral contracts). "The essential elements of a contract are: [1] parties capable of contracting; [2] the parties' consent; [3] a lawful object; and [4] sufficient cause or consideration." *Lopez v. Charles Schwab & Co., Inc.*, 118 Cal. App. 4th 1224, 1230 (Ct. App. 2004) (citing Cal. Civ. Code § 1550). "Mutual assent usually is manifested by an offer communicated to the offeree and an acceptance communicated to the offeror." *Id.* (citing Cal. Civ. Code § 1565). The existence of mutual consent is determined by objective criteria; the "parties' outward manifestations must show that the parties all agreed 'upon the same thing in the same sense.'" *Weddington Prod., Inc., v. Flick*, 60 Cal. App. 4th 793, 811 (Ct. App. 1998) (quoting Cal. Civ. Code § 1580).

Here, the parties entered into a valid contract on April 12, 2018. The parties met all four requirements for a contract. First, California law broadly defines who may contract as "[a]ll persons are capable of contracting, except minors, persons of unsound mind, and

persons deprived of civil rights." Cal. Civ. Code § 1556. Mr. Heilman is not a minor and there is no suggestion in the record that he was of unsound mind or deprived of his civil rights. Second, the mutual assent between the parties is evident from the record before Magistrate Judge Grosjean. After hours of extensive negotiations off the record, the parties came to terms, which were memorialized in the record. (*See* ECF No. 364, at 2–7 (Settlement Conference Transcript).)[5] Then, the following exchange was entered into the record:

> THE COURT: Okay. Mr. Heilman, do you agree to settle this case and the other three cases that were listed, including a complete dismissal with prejudice—meaning you can't refile it—do you agree to settle this case and those three cases on those terms?
> THE PLAINTIFF: I understand and I agree.
> THE COURT: Thank you.
> Mr. Zugman, do you agree to settlement as it was described?
> MR. ZUGMAN: Yes, Your Honor.
> THE COURT: Thank you.
> Ms. Johnson, do you so agree?
> MS. JOHNSON: Yes, Your Honor.
> THE COURT: Thank you.
> Ms. Freund?
> MS. FREUND: Yes, Your Honor.

(*Id.* at 7.) Mr. Heilman appeared in open court, heard his counsel and opposing counsel discuss the terms of the settlement, actively discussed the terms himself, and then unequivocally agreed to that settlement. (*See id.* at 2–7.) This constitutes an outward manifestation by all parties to agree to the terms of the settlement. *See Doi*, 276 F.3d at 1138. It makes no difference that the agreement was oral because a party may enter into an oral settlement agreement before a court. Cal. Civ. Proc. Code § 664.6; Cal. Civ. Code § 1622. Third, a settlement agreement to end litigation is a lawful object. *See Doi*, 276

---

[5] Pin citations to docketed material refers to the CM/ECF page numbers electronically stamped at the top of each page.

4

F.3d at 1138. Fourth, Mr. Heilman received $82,500 in return for dismissing four civil actions. (ECF No. 364, at 2.) This constitutes valid consideration. All elements of a contract were met and there was a valid settlement agreement.

## II. Whether the Court Should Vacate the Settlement Agreement

Plaintiff requests leave to file a motion to stay the proceedings or vacate the settlement agreement because of events leading up to the April 12, 2018 settlement conference. He advances three broad arguments in support of his request. First, Plaintiff alleges that because his request for alternative housing during his trial was denied, his attorneys used the denial as improper incentive for Plaintiff to agree to settle. (MTN 10.) Second, he contends that he was subjected to a grueling bus ride to the settlement conference and the night before the conference he was "tortured" because the prison guards woke him up every twenty minutes to conduct "suicide checks." (*Id.* at 13–14.) Third, he alleges that Defendants' counsel claimed to lack authority to settle his case beyond a certain sum of money and this should void the settlement. (*See id.* at 17–19.) The Court addresses each argument in turn to determine whether valid ground exists to vacate the settlement.

Plaintiff explains that the events associated with his § 1983 claim occurred while he was housed at R.J. Donovan Correctional Facility and if he were housed at R.J. Donovan during trial then someone might retaliate against him. (*Id.* at 8–9.) Thus, his attorneys requested alternate housing, for example, at the federal Metropolitan Correctional Center. Plaintiff's request for alternate housing was denied in an oral ruling during a March 28, 2018 pre-trial conference. Plaintiff contends that his attorneys used the possibility of returning to R.J. Donovan during his trial as incentive to settle. (*Id.* at 11–12.) Plaintiff also alleges that the Office of the Attorney General "interfered" with the California Department of Corrections and Rehabilitation ("CDCR") to place him in administrative segregation at R.J. Donovan. (*Id.* at 16.) He argues that Defendants' counsel played on his fear of being housed at R.J. Donovan "as a means of coercion to influence Heilman to reach a settlement in this action." (*Id.*)

Defendants respond that Plaintiff's claims are meritless. (Opp'n 5.) Defendants contend that Plaintiff has put forward no evidence, other than his own self-serving statements, about his treatment before the settlement conference. They also point out that Plaintiff spoke in open court before Judge Grosjean and made clear that he understood the settlement and voluntary nature of entering into the settlement. (*Id.*)

The Court agrees with Defendants. Plaintiff has not put forward any objective evidence that his fear of future retaliation was likely or reasonable. Indeed, his fear concerning future housing arrangements and retaliation is entirely speculative. While the Court does not minimize Plaintiff's prior suffering, it is entirely self-serving to claim future retaliation as a basis to set aside a settlement in an effort to get more money. Plaintiff had the opportunity to voice his concerns before Judge Grosjean; instead, he voluntarily agreed to settle his case on the terms expressed in open court. The Court finds Plaintiff's subjective fear insufficient to overcome his objective agreement on the record.

Next, Plaintiff contends that he suffered an "arduous and grueling 18 hour bus ride over two days, and over 10 hours in holding cells to travel" to the settlement conference. (MTN 13.) He also alleges that prison officials at the holding cell, where Plaintiff remained overnight, used excessive force against him by pinning his arms behind his back and over-tightened his handcuffs. (*Id.*) Plaintiff further contends that he was subjected to suicide protocols while in administrative segregation at Valley State Prison, including "suicide checks" every twenty minutes where prison officials shined a "bright laser-type flashlight" directly in his face. (*Id.* at 14.) Plaintiff concludes that all these actions were purposeful by the CDCR and Office of Attorney General to make him fearful and more likely to accept a settlement. (*Id.* at 13.)

Defendants respond that defense counsel had no contact with prison officials regarding Plaintiff's transfer to court. (Opp'n 5 (citing Declaration of T. Johnson, ECF No. 369-1, ¶ 10).) Defendants contend that Plaintiff has no evidence, other than his self-serving statements, that his transport or temporary housing had the effect of coercing him into accepting the settlement agreement. (*Id.*) Mr. Zugman, Plaintiff's counsel, also

6

13-CV-2984 JLS (AGS)

explains that he discussed the issue of transport to trial and housing at a particular facility with Plaintiff several times, including at the April 2018 settlement conference. (ECF No. 372, at 1–2.) Mr. Zugman also declares that he did not see any way in which Plaintiff was coerced. (*Id.* at 2.)

Again, the Court agrees with Defendants. Plaintiff's allegations are entirely unsubstantiated. He has attached copies of two prison complaint forms he submitted to prison staff based on the alleged "torture" used against him. (*Id.* at 24–25.) Like his allegations in his Motion, the prison complaints are only his allegations and have no independent confirmation or evidence. Moreover, if Plaintiff was subjected to mistreatment at the hands of prison staff, then the appropriate remedy is to follow prison grievance procedures and, if that should fail, file a complaint in court. There is no evidence that ties his alleged mistreatment to defense counsel. As before, Plaintiff's subjective whims—unexpressed during the settlement negotiations or before Judge Grosjean—are not enough to overcome his objective statement: "I understand and I agree."

Finally, Plaintiff alleges that defense counsel claimed to lack the authority to exceed a specific dollar amount in monetary compensation. (*Id.* at 17–18.) Plaintiff contends that his counsel notified him of a contrary position; supposedly, defense counsel were vested with *all* authority to reach an amount of monetary compensation. (*Id.* at 18.) From this purported discrepancy, Plaintiff concludes that the settlement should be set aside. (*Id.*)

Defendants contend that defense counsel had authority to enter into the settlement agreement and the monetary sum was authorized by CDCR staff counsel. (Opp'n 5 (citing Johnson Decl. ¶ 11).) The Court agrees with Defendants. Plaintiff's theory that defense counsel did not have authority to enter into the settlement agreement is not supported by law or fact. Defense counsel has represented that they had authority to enter into a settlement agreement. And, they did so. The Court finds no reason to displace the settlement agreement that Plaintiff unequivocally and knowingly entered into.

Thus, the Court **DENIES** Plaintiff's Motion to Stay or Vacate the Settlement, (ECF No. 362).

### III. Motion for Documents

On May 24, 2018, Plaintiff filed a Motion for Copies of Documents Pertaining to this Action, (ECF No. 366). Plaintiff requests the Court order his counsel to provide him with documents relating to various motions his counsel filed on Plaintiff's behalf before this Court. (*See id.* at 1–3.) Plaintiff states that his requests have been ignored by his counsel. (*Id.* at 1.) Plaintiff's counsel, Mr. Zugman, filed a Declaration stating that he has mailed Plaintiff his "complete legal[] files as regards his case." (ECF No. 372, at 1.) In light of Mr. Zugman's disclosure, the Court **DENIES** Plaintiff's Motion for Documents, (ECF No. 366). Plaintiff's counsel has fulfilled his obligation to give Plaintiff his legal files. However, if Plaintiff has not received the files via mail he may request appropriate relief.

### CONCLUSION

Accordingly, the Court **DENIES** Plaintiff's Motion to File a Motion to Stay the Proceedings or Alternatively Vacate the Settlement Agreement, (ECF No. 362). The Court **DENIES** Plaintiff's Motion for Copies of Documents Pertaining to This Action, (ECF No. 366). Defense counsel represent that they have delivered the documents to memorialize the terms of settlement to Plaintiff's counsel. (Opp'n 6.) The Court **GRANTS** Plaintiff an additional <u>twenty-one (21) days from the date when this Order is electronically docketed</u> to sign the settlement agreement. The Court cautions Plaintiff that should he choose not to sign the documents then the Court may exercise its authority to dismiss Plaintiff's actions for failure to comply with court orders. *See Hickman v. Bashan,* No. 11-CV-4395-EDL, 2014 WL 12631474, at *2 (N.D. Cal. Nov. 24, 2014) (dismissing case for failing to comply with settlement agreement), *aff'd Hickman v. Hambleton*, 669 Fed. App'x 477 (9th Cir. 2016).

**IT IS SO ORDERED**.

Dated: June 18, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge