UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOHN HEILMAN, CDCR #H-76785,<br><br>Plaintiff,<br><br>v.<br><br>A. SILVA, et al.,<br><br>Defendants. | Case No.: 13-CV-2984 JLS (AGS)<br><br>**ORDER: (1) DENYING MOTION FOR RECONSIDERATION; (2) DENYING MOTION FOR EXTENSION OF TIME; AND (3) ACCEPTING SETTLEMENT AGREEMENT**<br><br>(ECF Nos. 381, 382, 385) |

Presently before the Court is Plaintiff Thomas John Heilman's Motion for Reconsideration. ("MTN," ECF No. 382.) Also before the Court are Plaintiff's Motion for Extension of Time, (ECF No. 381), and Plaintiff's Notice of Signed Settlement Agreement; Motion to Hold Settlement in Abeyance, (ECF No. 385). After considering Plaintiff's arguments and the law, the Court rules as follows.

**BACKGROUND**

The Court's previous Order denying Plaintiff's motion to stay the proceedings or alternatively vacate settlement contains a brief recitation of the basic facts of this case, which the Court incorporates by reference. (*See* "Prior Order," ECF No. 373.) Relevant to the present motion for reconsideration, the Court determined that Plaintiff entered into a

1

13-CV-2984 JLS (AGS)

valid settlement agreement to release his claims in four civil cases. The Court further found that no good cause existed to vacate the settlement agreement. Plaintiff challenges several aspects of the Court's Order, which the Court addresses herein. After he filed his motion for reconsideration, Plaintiff filed a notice that he has signed the settlement agreement on July 9, 2018, but requests the Court hold the signed settlement agreement in abeyance until the Court rules on the pending motion for reconsideration. (*See* ECF No. 385, at 3.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) permits a party to move a court to alter or amend its judgment. In the Southern District of California, a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part." Civ. L.R. 7.1(i)(1). The moving party must provide an affidavit setting forth, *inter alia*, new or different facts and circumstances which previously did not exist. *Id.*

"A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks omitted) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters.*, 229 F.3d at 883). A party may not raise new arguments or present new evidence if it could have reasonably raised them earlier. *Kona Enters.*, 229 F.3d at 890 (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

## ANALYSIS

I.  **Motion for Reconsideration**

At the outset, the Court notes that Plaintiff brings a motion for reconsideration, but

2

13-CV-2984 JLS (AGS)

cites Federal Rule of Civil Procedure 60(b) as his basis for reconsidering the Court's prior order. (MTN 3.) Rule 60(b) concerns relief from final judgments. *See Harvest v. Castro*, 531 F.3d 737, 744–45 (9th Cir. 2008) ("Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)). No final judgment has been issued in this case; Plaintiff's motion is more appropriately considered as a Rule 59(e) motion for reconsideration of the Court's prior order.

The Court begins with a brief summary of its prior order. The Court first determined that Plaintiff and Defendants entered into a valid settlement agreement, which the parties objectively entered into on the record before Magistrate Judge Erica Grosjean in the Eastern District of California. (Prior Order 3–5.) Next, the Court determined that Plaintiff's various allegations concerning his treatment before signing the settlement agreement were unsubstantiated and did not overcome his objective assent to the settlement. (*Id.* at 6–7.)

Plaintiff begins his objections be reiterating arguments previously raised in his prior motion to set aside the settlement. Plaintiff contends that he will be "irreparably harmed by the Court's failure to hold the Defendants accountable for their actions." (MTN 4.) Plaintiff states that he was in fear for his health, safety, and welfare if he were to be re-housed during his upcoming civil trial in RJ Donovan prison where the incident underlying his case took place. (*See id.* at 5.) As in his prior motion, Plaintiff avers that he was "under duress" to reach a settlement agreement. (*Id.*)

Plaintiff outlines four specific objections to the Court's Order denying his previous motion to vacate the settlement. First, Plaintiff argues that the Court erred by refusing to acknowledge that he was under duress to accept the settlement. (*Id.* at 7.) He maintains that the Court's characterization of Plaintiff's "subjective fear" was incorrect, which he contends is a valid fear based on the allegations in his original § 1983 complaint. (*Id.*) Plaintiff also points to contradictory information he has received concerning a motion for

alternate housing during his trial that he believes the Court denied. (*Id.* at 8.) Plaintiff argues that the irregularities whether the motion was denied in an oral ruling or in a written motion prompted his prior motion, but it is not clear how this line of argument addresses the prior order.

Second, Plaintiff asserts that "an effort was made by this Court to deprive Heilman from the opportunity to confront the defendants at trial" because the Court insisted he be physically present at the April 12, 2018 settlement conference. (*Id.* at 9.) He then disagrees with a quote from this Court's prior order that Plaintiff "put forward no evidence, other than his own self-serving statements, about his treatment before the settlement conference." (*Id.* (quoting Prior Order 6).) Plaintiff contends that the Court erred by denying him leave to file motions, which would have included testimony from Magistrate Judge Erica Grosjean and the attorneys who were present at the April 12, 2018 settlement conference. (*Id.* at 10.) That testimony would have provided objective evidence that he was under duress when he entered into the settlement.

Third, Plaintiff contends that Defendants' counsel misrepresented the housing arrangements for Plaintiff during his trial and this Court's subsequent denial of the request for alternate housing during the trial contributed to Defendants' retaliatory acts that placed him under duress to accept the settlement agreement. (*Id.* at 12.) He further asserts that it does not matter his acquiescence to the settlement agreement was voluntarily made when it was induced by misrepresentations by counsel. (*Id.*)

Fourth, Plaintiff maintains that this Court erred by finding his allegations of retaliatory actions against him were unsubstantiated. He reiterates that he raised the allegations "off the record" at the April 12, 2018 settlement conference. (*Id.* at 13.) Plaintiff then realleges his mistreatment at the hands of prison officials in the days and hours before the settlement conference. (*See id.* at 13–15.)

Finally, Plaintiff goes on at length concerning various allegations against his Court-appointed counsel, which does not reference the Court's prior order. These allegations include: counsel made misrepresentations about written documents requested by Plaintiff,

(*id.* at 16–17), that his counsel failed to object when presented with information that Defendants' counsel lacked authority to settle the case, (*id.* at 18), that his counsel were not acting in his best interests in reaching the settlement, (*id.* at 19), and that his counsel misrepresented facts to him, (*id.* at 22–24).

The primary thrust of Plaintiff's objections is that this Court erred by failing to recognize he was under duress when Plaintiff entered into the settlement agreement. There is no evidence before the Court that Plaintiff was under duress other than his own statements. His own counsel declared to the Court: "I view the settlement as being an outstanding outcome for Heilman. I believe as [a] matter of my considered legal opinion that the agreement Heilman made—in the presence of Counsel and a neutral magistrate judge—is voluntary and enforceable." (ECF No. 372, at 2.) Defendants' counsel declared that she had zero knowledge of the conditions by which Plaintiff would be transported to the settlement conference (where the alleged duress took place) and that she had full authority to enter into the settlement agreement. (ECF No. 369-1, at 3–4.) There is evidence of Plaintiff's voluntary agreement to settle his current federal cases, which was memorialized on the record in front of a neutral magistrate. (ECF No. 364, at 7.) That judge mediated hours of negotiations between the parties during which time Plaintiff allegedly raised his mistreatment issues. Yet, the transcript of the agreement contains absolutely no discussion from Magistrate Judge Grosjean of any facts that would undermine the settlement agreement. In light of this objective and voluntary agreement and the lack of evidence to substantiate Plaintiff's claim, the Court finds no error in its prior order.

Plaintiff raises various allegations concerning his treatment by prison officials concerning his treatment before the settlement conference. His recourse, as he is well aware, is to file a new lawsuit alleging a claim against the officials. Thus, if he has valid claims then he will not be "irreparably harmed" by the Court enforcing the settlement agreement. Plaintiff also makes lengthy allegations against his Court-appointed counsel. "Generally, a plaintiff in a civil case has no right to effective assistance of counsel."

*Nicholson v. Rushen*, 767 F.2d 1426, 1427 (9th Cir. 1985) (per curiam) (citations omitted). While he may have some remedy outside of this present litigation against his attorneys, his allegations concerning mistreatment and misrepresentations by his attorneys have no bearing on the settlement that he voluntarily agreed to. Nor do his allegations controvert or in any way address the Court's prior order. Accordingly, the Court **DENIES** Plaintiff's Motion for Reconsideration, (ECF No. 382).

## II. Motion for Extension of Time

Plaintiff filed a motion for extension of time so that Defendants can fulfill their settlement obligation to draft a letter to the California Department of Corrections and Rehabilitation ("CDCR") for the purpose of expunging some of Plaintiff's prison files. (ECF No. 381, at 2.) Plaintiff elaborates that Defendants' counsel agreed to write a memorandum to prison officials and this agreement was memorialized in the transcript of the settlement conference. (*Id.* at 4.) Plaintiff apparently wrote a letter to his counsel that he believes was not forwarded to Defendants' counsel concerning additional items to be included in the letter. (*Id.* at 7–8.) Plaintiff contends that he has not reviewed Defendants' letter and the proposed settlement agreement does not recite the letter as part of the terms of the agreement. (*Id.* at 8–9.)

The transcript from the settlement agreement includes a passage where the parties agreed to Defendants' counsel writing a letter to CDCR recommending that various "write-ups" or "chronos" be removed from Plaintiff's file. (ECF No. 364, at 3–4.) Defendants' counsel, Ms. Johnson, personally represented to Magistrate Judge Grosjean that she would write such a letter. (*Id.* at 5.) Judge Grosjean went on to state that Ms. Johnson's personal representation would not be part of the written settlement agreement, but that Judge Grosjean considered the agreement to be enforceable. (*Id.* at 6.)

Nowhere in the transcript or agreement was there a provision for Plaintiff to review the letter before it is sent to CDCR. Counsel's obligation to perform is owed to Plaintiff as long as there is a valid settlement. However, Plaintiff has attempted to vacate the settlement agreement and, until recently, had not signed his portion of the written

agreement. This Court has the power to enforce the terms of the settlement agreement. *In re City of Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1995). Should Defendants not fulfill any agreed upon terms, the Court will entertain further motions to enforce the agreement. The Court will not delay, however, this agreement based on terms not agreed to. The parties did not agree to Plaintiff seeing the letter before it is sent to CDCR. Thus, the Court **DENIES** Plaintiff's Motion for Extension of Time, (ECF No. 381).

### III. Signed Settlement Agreement

On July 20, 2018, Plaintiff returned to the Court the signed settlement agreement along with a request to hold the implementation of the agreement in abeyance until the Court rules on Plaintiff's Motion for Reconsideration. (ECF No. 385.) As this Order adjudicates Plaintiff's Motion for Reconsideration, there is no basis to hold the settlement agreement in abeyance. Therefore, the Court **ACCEPTS** Plaintiff's signed settlement agreement. If Defendants accept the agreement then they **SHALL** comply with the terms agreed within the timeframe agreed upon by the parties.

### CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Motion for Reconsideration, (ECF No. 382), **DENIES** Plaintiff's Motion for Extension of Time, (ECF No. 381), and **ACCEPTS** Plaintiff's signed settlement agreement, (ECF No. 385). Once Defendants sign the settlement agreement, they **SHALL** file the voluntary dismissal as agreed to in the settlement agreement.

**IT IS SO ORDERED.**

Dated: August 20, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge