UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JOHN HEILMAN, CDCR #H-76785,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>A. SILVA, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 13-CV-2984 JLS (AGS)<br><br>**ORDER GRANTING MOTION TO WITHDRAW**<br><br>(ECF Nos. 400, 405, 407) |

Presently before the Court is Counsel Melissa Bobrow's Motion to Withdraw as Counsel. (ECF No. 400.) After considering Ms. Bobrow's arguments and the law, the Court **GRANTS** the Motion to Withdraw as Counsel.

## LEGAL STANDARD

"An attorney may not withdraw as counsel except by leave of court, and the decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Beard v. Shuttermart of Cal., Inc.*, No. 07CV594WQH (NLS), 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008) (alterations, citations, and internal quotation marks omitted); *see also* Civ. L.R. 83.3(g)(3). "In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of

1

justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Leatt Corp. v. Innovative Safety Tech., LLC*, No. 09-CV-1301-IEG (POR), 2010 WL 444708, at *1 (S.D. Cal. Feb. 2, 2010) (citing *Beard*, 2008 WL 410694, at *2).

Pursuant to Civil Local Rule 83.4(b), each attorney "permitted to practice in this court shall be familiar with and comply with the standards of professional conduct required of members of the State Bar of California." Civ. L.R. 83.4(b). In relevant part, California Rule of Professional Conduct 3-700 provides:

(A) In General.

> (1) If permission for termination of employment is required by the rules of a tribunal, a member shall not withdraw from employment in a proceeding before that tribunal without its permission.

> (2) A member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D) [concerning the return of client papers and property and the refund of any advance fees not earned], and complying with applicable laws and rules.

(C) Permissive Withdrawal.

> [A] member may not request permission to withdraw in matters pending before a tribunal, and may not withdraw in other matters, unless such request or such withdrawal is because:
> . . .
> (5) The client knowingly and freely assents to termination of the employment; or

> (6) The member believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal.

Pursuant to the Southern District of California's Civil Local Rules, "[a] notice of motion to withdraw as attorney of record must be served on the adverse party and on the moving attorney's client." Civ. L.R. 83.3(f)(3)(a).

2

13-CV-2984 JLS (AGS)

# ANALYSIS

## I. Jurisdiction

As a preliminary matter, the United States District Court for the Southern District of California has jurisdiction to decide Ms. Bobrow's Motion. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). "The District Court retains jurisdiction," however, "over all matters not involved in the appeal." *Perry v. City and Cnty. of S.F.*, No. 10-16696, 2011 WL 2419868, at *68 (9th Cir. 2011) (citing *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985)).

Plaintiff appeals to the Ninth Circuit this Court's refusal to vacate the settlement agreement and is currently proceeding pro se during his appeal. *See* ECF No. 395 at 4, 26–28. Withdrawal of counsel is not an aspect of the case involved in the appeal. Accordingly, this Court has jurisdiction to rule on Ms. Bobrow's Motion to Withdraw.

## II. Withdrawal as Counsel

Ms. Bobrow seeks to withdraw as counsel for Plaintiff Thomas Heilman. ECF No. 400. She explains that Mr. Heilman has filed several motions with the Court arguing that she provided Mr. Heilman with ineffective assistance and coerced him into signing the settlement agreement. *Id.* On July 19, 2018, co-counsel David Zugman filed a motion to withdraw for the same reasons, ECF No. 383, and on August 20, 2018, this Court granted Mr. Zugman's request. ECF No. 389. Ms. Bobrow represents that she has served a notice of the motion to withdraw as required by Civil Local Rule 83.3(g)(3)(a). Declaration of Melissa Bobrow, ECF No. 400-1, at 1–2. The Court finds that Ms. Bobrow has presented valid reasons to withdraw. Any concerns that Mr. Heilman will be prejudiced are tempered by the fact that he has appealed the settlement to the Ninth Circuit and is already proceeding pro se. ECF No. 395. There is minimal likelihood of harm to the administration of justice and this withdrawal will not delay resolution of the case. The Court therefore **GRANTS** Ms. Bobrow's Motion.

## CONCLUSION

Based on the foregoing, the Court:

1. **GRANTS** Ms. Bobrow's Motion to Withdraw as Counsel, (ECF No. 400). The Clerk of Court **SHALL** update the docket to reflect the withdrawal of Ms. Bobrow as counsel for Plaintiff in this case.

2. **DENIES AS MOOT** Plaintiff's Motion for Current Status of Appointed Counsel Melissa Bobrow (ECF No. 405).

3. **DENIES** Plaintiff's Motion/Request for Court Documents (ECF No. 407).

**IT IS SO ORDERED**.

Dated: June 3, 2019

Hon. Janis L. Sammartino
United States District Judge